UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THEODORE WALTER,**

       **Plaintiff,**                           **Case No. 2:11-cv-912**
                                            **JUDGE GREGORY L. FROST**
   **v.**                                       **Magistrate Judge E.A. Preston Deavers**

**WELLS FARGO BANK, NA, et al.,**

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion to dismiss filed by Defendant Wells Fargo Bank, N.A. (ECF No. 9), a memorandum in opposition filed by Plaintiff (ECF No. 16), and a reply memorandum filed by Wells Fargo Bank, N.A. (ECF No. 18); and

(2) a motion to dismiss filed by Defendant Jeanette Love-Hadden (ECF No. 10), a memorandum in opposition filed by Plaintiff (ECF No. 17), and a reply memorandum filed by Love-Hadden (ECF No. 19).

For the reasons that follow, the Court finds that dismissal of this action is warranted.

### I. Background

Plaintiff, Theodore Walter, has brought the instant action against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and Defendant Jeanette Love-Hadden, the Vice President Loan Documentation for Wells Fargo. According to the complaint, Plaintiff purchased in 2003 residential real estate located in Delaware, Ohio with a note secured by a mortgage on the

1

property. The note and mortgage were in favor of Gordon Lending Corporation. In 2009, Wells Fargo filed a foreclosure action in the Delaware County Court of Common Pleas, asserting that the bank was the holder of the note and that Plaintiff was in default. Plaintiff failed to file an answer in the state court action, and Wells Fargo obtained a default judgment that was supported in part by an affidavit by Love-Hadden that she signed in South Carolina.

Plaintiff subsequently filed this federal case, arguing that because the Love-Hadden affidavit contained false statements and because Wells-Fargo had employed robo-signers, the state court documents were fraudulent and invalid. Plaintiff's complaint asserts thirteen claims for relief. (ECF No. 2.) Defendants have each filed a motion to dismiss. (ECF Nos. 9, 10.) The parties have completed briefing on the motions, which are now ripe for disposition.

## II. Discussion

### A. Standard Involved

Love-Hadden seeks dismissal under Federal Rule of Civil Procedure 12(b)(2), which provides for dismissal for lack of personal jurisdiction. The party asserting that the Court has personal jurisdiction has the burden of proving it. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974). If a defendant supports a Rule 12(b)(2) motion to dismiss by affidavit, the plaintiff "by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction." *Weller*, 504 F.2d at 930. When presented with a properly supported Rule 12(b)(2) motion to dismiss, a court has the discretion to decide the motion on the briefs and affidavits or it may permit discovery and an evidentiary hearing. *Theunissen*, 935 F.2d 1458. In the absence of a preliminary evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction.

*Theunissen*, 935 F.2d 1458; *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168-69 (6th Cir. 1988).

In diversity cases, courts look to the law of the forum state to determine whether personal jurisdiction exists. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000); *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1298 (6th Cir. 1989) (citing *Southern Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 376 n.2 (6th Cir. 1968)). A federal district court may exercise personal jurisdiction only if the requirements of both the state long-arm statute and constitutional due process are met. *See Calphalon*, 228 F.3d at 721; *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). *See also Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 235, 638 N. E.2d 542, 543 (1994) ("When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution.").

This analysis is not conflated into one step because Ohio's long-arm statute does not reach to the limits allowed by the Constitution. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998). Although Ohio's long-arm statute "does not extend to the constitutional limits of the Due Process Clause, [the] central inquiry is whether minimum contacts are satisfied so as not to offend 'traditional notions of fair play and substantial justice.'" *Calphalon*, 228 F.3d at 721 (citing *Cole*, 133 F.3d at 436). When jurisdiction is founded on the long-arm statute, the claim asserted must arise from at least one of the nine criteria listed in the statute. *See* Ohio Revised

Code § 2307.382(A)(1)-(9); *Berning v. BBC, Inc.*, 575 F. Supp. 1354, 1356 (S.D. Ohio 1983). Among those criteria are transacting business in Ohio, contracting to supply goods or services in Ohio, causing tortious injury in Ohio, and having a real property interest in Ohio. Ohio Rev. Code § 2307.382(A)(1)-(9).

Both Love-Hadden and Wells Fargo also move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth claims upon which this Court may grant relief. The Court must construe the complaint in favor of Plaintiff, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*,

4

550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Analysis

#### 1. *Withdrawn Claims*

In his memoranda in opposition to the motions to dismiss, Plaintiff states that he withdraws Counts I, III, VI, VII, VIII, IX, XII, and XIII. Effectuating the withdrawal of these claims by a motion under Federal Rule of Civil Procedure 15 or 21 would have been a more precise mechanism to achieve voluntarily dropping these claims from this litigation. *See Mondo Polymers Tech., Inc. v. Monroeville Indus. Moldings, Inc.*, No. 2:07-cv-1054, 2009 WL 3698432, at *5 (S.D. Ohio Nov. 3, 2009). Despite the technicality, what matters is that the parties agree that the claims are dismissed, which obviates the need for discussion of the substantive merits of Defendants' arguments for the dismissal of these claims. *See Tolstih v. L&G Elecs., U.S.A., Inc.*, No. 2:07-cv-582, 2009 WL 3241665, at *7 (S.D. Ohio Oct. 2, 2009) (construing a memorandum in opposition representation of a voluntary withdrawal as seeking amendment of the complaint, granting the amendment, and recognizing that those aspects of defendants' motion targeting the withdrawn components of the pleading were moot); *Lee v. City of Columbus*, No. 2:07-cv-1230, 2009 WL 2929439, at *2 (S.D. Ohio Aug. 31, 2009) (accepting withdraw of claim via memorandum in opposition). Consequently, the Court dismisses these claims.

#### 2. *Rule 12(b)(2)*

In her role as an employee and agent of Wells Fargo, Love-Hadden executed an affidavit

that was filed and relied upon in the state foreclosure case. Assuming *arguendo* that the corporate shield doctrine does not apply here, the conduct by Love-Hadden falls within the scope of Ohio's long-arm statute. *See Fox v. GMAC Mortg., LLC*, No. 2:10-cv-1023, 2011 WL 4091848, at *2-3 (S.D. Ohio Sept. 14, 2011) (holding that a defendant's executing a document with the knowledge that it would be filed and relied upon in a foreclosure action in an Ohio court fell within the scope of Ohio's long-arm statute); *Ohio ex rel. DeWine v. GMAC Mortg. LLC*, No. 10 CV 2537, 2011 WL 1884543, at *2 (N.D. Ohio May 18, 2011) (holding that the filing of an allegedly false affidavit in an Ohio foreclosure action meet the standard for transacting business under Ohio's long-arm statute). The exercise of personal jurisdiction over Love-Hadden comports with constitutional due process. *Fox*, 2011 WL 4091848 at *3 (holding that the exercise of personal jurisdiction over a defendant comports with constitutional due process where the defendant executed a document with the knowledge that it would be filed and relied upon in a foreclosure action and would affect the outcome of that action); *DeWine*, 2011 WL 1884543, at *3 (holding that "[i]t stretches the bounds of logic to argue that" a mortgage company employee signing an affidavit knowing that it would be filed in an Ohio foreclosure action "would not qualify as causing a consequence in Ohio"). Accordingly, the Court concludes that denial of the Rule 12(b)(2) component of Love-Hadden's motion to dismiss is appropriate.

### 3. *Rule 12(b)(6)*

In Count II of the complaint, Plaintiff asserts a claim under the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01 *et seq*. Because Defendant Wells Fargo is a national bank, it is a financial institution under the OCSPA and is therefore exempt from liability

here.  *See McCubbins v. BAC Home Loans Servicing, L.P.*, No. 2:11-cv-547, 2012 WL 140218, at *6-7 (S.D. Ohio Jan. 18, 2012); *Wells Fargo Bank, N.A. v. Favino*, No. 1:10 CV 571, 2011 WL 1256771, at *8-9 (N.D. Ohio Mar. 31, 2011).  Additionally, Plaintiff wholly fails to explain how or why the OCSPA applies to Love-Hadden.  The Court therefore dismisses Plaintiff's OCSPA claim.

Plaintiff then asserts in Count IV of the complaint a claim for abuse of process arising from the common pleas court foreclosure case.  Dismissal is warranted for want of an identified ulterior purpose in the underlying foreclosure action, as discussed in *McCubbins v. BAC Home Loans Servicing, L.P.*, 2012 WL 140218, at *6-7, and *Fox v. GMAC Mortgage, LLC*, 2011 WL 4091848, at *5.

In Count V of the complaint, Plaintiff asserts a claim for conspiracy.  Because there is no allegation that any corporate employee was acting outside the scope of his or her employment, application of the intra-corporate conspiracy doctrine compels the dismissal of this conclusory claim.  *McCubbins*, 2012 WL 140218, at *7 (holding that a complaint that asserts a conspiracy claim involving only employees or agents of a bank fails to state a claim upon which a court may grant relief); *Fox v. GMAC Mortgage, LLC*, 2011 WL 4091848, at *5.

Plaintiff asserts a claim for negligent supervision in Count X of the complaint.  Similar to the plaintiffs in *McCubbins v. BAC Home Loans Servicing, L.P.*, however, Plaintiff here has failed to plead sufficiently the elements of a requisite underlying tort to present a negligent supervision claim.  2012 WL 140218, at *8.  Additionally, Love-Hadden of course cannot be held accountable under this theory of relief for supervising herself, and there is no allegation that she supervised anyone else.  Dismissal of Count X is warranted.

This leaves for disposition Count XI of the complaint in which Plaintiff asserts a claim for breach of the covenant of good faith and fair dealing. The claim fails for both core reasons set forth in *McCubbins v. BAC Home Loans Servicing, L.P.*: one, that under Ohio law, "a claim for a violation of the duty of good faith and fair dealing cannot stand alone as a separate cause of action apart from a claim for breach of contract" and two, that "the doctrine of good faith and fair dealing cannot be used to add new duties or obligations into a contract" as Plaintiff seeks to do here. 2012 WL 140218, at *5. Additionally, the complaint fails to assert that Love-Hadden was a party to any contract.

Having determined that dismissal of all claims is warranted on at least the foregoing grounds, the Court need not and does not address Defendants' alternative arguments for dismissal.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Wells Fargo's motion to dismiss (ECF No. 9) and **GRANTS IN PART** and **DENIES IN PART** Love-Hadden's motion to dismiss (ECF No. 10). The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE